IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM ALLEN LEGG                          :

    v.                                              :        CIVIL ACTION NO. DKC-02-3041

SHERIFF MEADOWS                             :
HARFORD COUNTY SHERIFF'S
    DEPARTMENT                              :

## MEMORANDUM

Alleging that his Fourth Amendment rights were violated several weeks ago when he was
arrested in Baltimore City and taken to Harford County to be charged with violating probation,
plaintiff, apparently released pending adjudication, filed this 42 U.S.C. § 1983 on September 13,
2002.  He seeks money damages against the Harford County Sheriff and the Sheriff's Depart-
ment, as well as injunctive relief preventing his "extradition" from Baltimore to Harford County
to appear on the VOP charge.  Because he appears to be indigent, plaintiff shall be granted leave
to file *in forma pauperis*, pursuant to 28 U.S.C. Section 1915(a).

According to plaintiff, he was arrested without a valid warrant and was not read his ***Mi-
randa*** rights.  In order to prevail on this claim of false arrest, plaintiff must demonstrate that the
named defendant(s) lacked probable cause to arrest him,  *see **Albright v. Oliver***, 510 U.S. 266
(1994); ***Clipper v. Takoma Park, Md.***, 876 F.2d 17, 19 (4th Cir. 1989).  However, it appears that
plaintiff has not yet successfully demonstrated this alleged lack of probable cause, because the
pending charge has not yet been adjudicated or dismissed.

In ***Heck v. Humphrey***, 512 U.S. 477 (1994), the Supreme Court held that claims chal-
lenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and





until the conviction is reversed, expunged, invalidated, or impugned.[1]

The plaintiff in *Heck* was a prisoner in the Indiana state prison system who sued the two state prosecutors who prosecuted him and a state investigator who participated in the investigation which led to his conviction. He alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and caused an unlawful voice identification procedure to be used at his trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint must be dismissed as plaintiff had no cause of action under § 1983.[2] In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action. As the Court noted

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment

---

[1]    The Court notes that this Circuit does not read *Heck* as compelling a conclusion that all claims of unconstitutional seizure accrue only upon a termination of the criminal proceedings favorable to the § 1983 complainant. *See Brooks v. City of Winston-Salem, North Carolina*, 85 F.3d 178 (4th Cir. 1996). However, because the undersigned finds that the plaintiff's claims regarding unconstitutional search and seizure are essentially challenges directed toward the validity of the underlying charges brought against him and for which he now awaits trial, such claims do not accrue until a favorable termination is obtained. *Heck*, 512 U.S. at 484.

[2]    The Court determined that "a Section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."

> against the plaintiff, the action should be allowed to proceed in the
> absence of some other bar to the suit. (emphasis in the original).

*Id.* at 2372.

In this case, it is clear to the Court that a judgment in favor of plaintiff would necessarily imply the invalidity of his arrest and would impinge upon the State's right to conduct criminal proceedings concerning the pending violation of probation charge. Consequently, under the rule of ***Heck v. Humphrey***, the plaintiff's §1983 damage claim may not proceed at this time.

To the extent that plaintiff seeks declaratory and injunctive relief which would result in dismissal of the pending violation of probation charge, plaintiff's action must be dismissed as unexhausted, pursuant to ***Preiser v. Rodriguez***, 411 U.S. 475 (1973); *see also* ***Heck v. Humphrey***, *supra.*

Whether construed as a civil rights action for money damages or as a habeas corpus action seeking release, the above-captioned action is premature in this Court for reasons set forth above. Thus, the case shall be dismissed without prejudice at this time, and the accompanying motions (Paper Nos. 3 and 4) denied.

A separate Order shall be entered reflecting the opinion set forth herein.

Date

Deborah K. Chasanow
United States District Judge

-3-